Henry M. MICKELSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12625.

Criminal Court of Appeals of Oklahoma.

Oct. 29, 1958.

 

James W. Flinn, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Henry M. Mickelson, plaintiff in error, hereinafter referred to as defendant, was charged in the court of common pleas of Oklahoma County with operating a motor vehicle while under the influence of intoxicating liquor; was tried before a jury, convicted, but the jury being unable to agree upon the penalty left that to the court, but recommended leniency. The court fixed the punishment at a fine of $100 and confinement in the county jail for twenty days.

On June 25, 1958, counsel was granted thirty days extension of time in which to file brief in this court, but no brief has ever been filed. Nevertheless, the case was set down for oral argument for September 10, 1958, and on that date oral argument was waived, and the case was thereupon submitted upon the record.

 The rule as stated in Hulsey v. State, 82 Okl.Cr. 332, 169 P.2d 771, is:

"Where the defendant appeals from a judgment of conviction and no briefs are filed nor argument presented, this court will examine the evidence and ascertain if it supports the verdict, and will make an examination of the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed."

We find no error requiring reversal of this case.

The information in substance charged that the defendant did wilfully, unlawfully and wrongfully run, drive and operate a 1950 Chevrolet Tudor motor vehicle, bearing Oklahoma license, from a point unknown to a point at Main and Robinson Streets, Oklahoma City, while under the influence of intoxicating liquor.

The evidence supported the charge. It appears that defendant, driving south on Robinson, ran a red light, resulting in a collision with a vehicle being driven by Alda Louise Courtney. Her car was smashed in at the right front so that a wrecker had to remove it, and the young woman had to be taken to the hospital with a knee injury. It was six weeks before she could return to her work.

Two officers testified and stated that defendant's breath smelled of intoxicating liquor, and that defendant was belligerent, walked unsteady, and spoke as with a thick tongue.

From the cross-examination the State left the implication that defendant was just getting over physical injuries received in a previous motor vehicle collision where defendant was intoxicated. No proof was offered to this effect, but counsel for the State attempted to cross-examine defendant as to a possible previous charge of drunken driving. The court sustained an objection to such question and admonished the jury not to consider it. The question was withdrawn.

Defendant testified that he was born in Norway, but brought to the United States by his parents when an infant; he had been a seaman, but for 25 years had worked as a cheese maker until he received a back injury from lifting and had to have a vertebra removed. He had a fusion of discs and had only been out of the hospital about six weeks. On the afternoon of the accident he said he had drunk two cans of beer with a friend while waiting to drive to pick up his wife who got off work at 5:30 p. m. From his sea duty he walked in the manner of seamen; did have an accident, but he denied being intoxicated. He said that the instant he drove into Main Street to cross as he was driving south on Robinson, the traffic light was green and that he was hurrying back of another car, but the light appar-

ently changed as he entered the street, and as he got to the south half of Main Street the lady drove into Robinson and turned south, and into his car.

The court by its instructions fairly submitted the issues to the jury. The conviction must be affirmed, even though the testimony was conflicting. Jackson v. State, 84 Okl.Cr. 138, 179 P.2d 924.

There was no evidence of a previous conviction, although parts of the cross-examination so implied. The jury recommended leniency. We believe justice would best be served by reducing the jail sentence to ten days, and the judgment, as so modified, is affirmed.

BRETT, P. J., and NIX, J., concur.